IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MUAMAR A. SAYYED, #01524927 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19cv476 |
| | § | |
| DIRECTOR, TDCJ-CID | § | |

**ORDER OF DISMISSAL**

Petitioner Muamar A. Sayyed, an inmate confined in the Texas prison system, proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The cause of action was referred to United States Magistrate Judge Kimberly C. Priest Johnson, who issued a Report and Recommendation concluding that the petition should be dismissed as an unauthorized second or successive petition. Sayyed has filed objections.

Sayyed is challenging his Collin County conviction for theft of property of more than $20,000 but less than $100,000, Cause Number 380-82405-07. On August 1, 2008, after a jury trial, he was sentenced to fifteen (15) years of imprisonment. Sayyed alleges that he is entitled to relief because he is actually innocent of the crime.

Sayyed has a long history of filing petitions for a writ of habeas corpus in this Court. His first petition was dismissed with prejudice. *Sayyed v. Director, TDCJ-CID*, No. 4:10cv148 (E.D. Tex. March 23, 2010). His second petition was dismissed without prejudice for failure to exhaust state habeas corpus remedies. *Sayyed v. Director, TDCJ-CID*, No. 4:11cv229 (E.D. Tex. Nov. 1, 2011). His third petition was dismissed as an unauthorized second or successive petition. *Sayyed v. Director, TDCJ-CID*, No. 4:12cv9 (E.D. Tex. Sept. 28, 2012). His appeal was dismissed. *Sayyed v. Stephens*, No. 13-41096 (5th Cir. Apr. 25, 2014). On August 14, 2018, this Court denied his motion for relief from the judgment pursuant to Fed. R. Civ. P. 60(b)(6). The Fifth Circuit denied his motion for a

1

certificate of appealability regarding the denial of his Rule 60(b)(6) motion. *Sayyed v. Davis*, No. 18-40814 (5th Cir. Apr. 2, 2019). Despite the past decisions issued by this Court and Fifth Circuit, Sayyed filed the present petition on July 1, 2019.

The present petition should be dismissed in light of 28 U.S.C. § 2244(b)(3)(A). This Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit has granted the petitioner permission to file it. *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A district court should dismiss a second or successive petition for lack of subject matter jurisdiction that has been filed without the permission of the Fifth Circuit. *Id.* at 838. In the present case, Sayyed has not shown that he has received permission from the Fifth Circuit to file a second or successive petition. Moreover, a review of the Fifth Circuit's case information website reveals that he has not been granted permission to file a second or successive petition. The petition should be dismissed for lack of subject matter jurisdiction.

In his objections, Sayyed complains that Civil Action Number 4:10cv148 is being considered in finding that the present petition is successive. He stresses that Civil Action 4:10cv148 concerned a prison disciplinary case and did not involve a challenge to his conviction. The Fifth Circuit rejected this identical argument in *Propes v. Quarterman*, 573 F.3d 225 (5th Cir. 2009). The Fifth Circuit found that the petitioner could have raised the challenges to his conviction at the same time he filed his first petition challenging a prison disciplinary case; thus, his second petition challenging his conviction was an unauthorized second or successive petition. *Id.* at 227-33. Sayyed stresses in his objections that he had not exhausted his state remedies regarding his conviction at the time he filed his petition about the disciplinary case, but the Fifth Circuit rejected this same argument. *Id.* at 229-30. "Under *Crone*, he still was required to join his claims." *Id.* at 230. Sayyed's objections lack merit.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Sayyed to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Sayyed's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus be **DISMISSED** without prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**. The Clerk of Court shall return unfiled any new petitions for a writ of habeas corpus submitted by Sayyed unless he shows that he received permission from the Fifth Circuit to file it.

**SIGNED this 22nd day of July, 2019.**

---
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE